IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER MICHAEL ELDERS                                                    PLAINTIFF

v.                              Civil No.: 2:17-CV-02169

SGT. ADAM HICKS, *et. al.*                                                    DEFENDANTS

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on September 27, 2017. (ECF No. 1). He alleges his constitutional rights were violated when he was not read his Miranda rights at the time of his arrest by Van Buren police officers. (ECF No. 1 at 6). He further alleges he was falsely imprisoned due to false information placed in reports by Van Buren police officers. (ECF No. 1 at 6). Plaintiff filed a Supplement on October 12, 2017. (ECF No. 6). In this Supplement, Plaintiff states he wished to add Ron Brown, Crawford County Sheriff, as a Defendant in this case.

Plaintiff states he is still awaiting trial on the pending criminal charges, and that there is "a lack of communication" with his counsel. (ECF No. 1 at 3). Plaintiff proceeds against all Defendants in their official and personal capacities. (ECF No. 1 at 5-6). Plaintiff seeks compensatory and punitive damages. He also asks for all charges to be dropped, for his record to be completely cleared, and for his immediate release. (ECF No. 1 at 8).

1

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## III. ANALYSIS

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or

any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)).

Here, Plaintiff's allegations center on his pending criminal case. Therefore, this Court is required to abstain from hearing it. Plaintiff is advised to address any constitutional concerns with his current counsel.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of October 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE